1  Paul B. Mengedoth (018507)
2  **MENGEDOTH LAW PLLC**
   20909 N. 90th Place, Suite 211
3  Scottsdale, AZ 85255
   Tel: (480) 778-9100
4  Fax: (480) 778-9101
5  E-mail: paul@mengedothlaw.com

6  *(Additional counsel on signature page)*

7  *Attorneys for Plaintiff Kevin Rouse*

8

9                    **UNITED STATES DISTRICT COURT**

10
                      **DISTRICT OF ARIZONA**
11

12  Kevin Rouse, an individual,            )
                                           )
13              Plaintiff,                  )        Case No. _____
                                           )
14  v.                                     )
                                           )        COMPLAINT
15  CVS Pharmacy, Inc., a Rhode Island     )
    Corporation,                           )        JURY TRIAL DEMANDED
16                                         )
                                           )
17              Defendant.                  )
                                           )
18                                         )
    _____
19

20      Kevin Rouse (hereinafter "Plaintiff"), by undersigned counsel, brings the

21  following complaint against CVS Pharmacy, Inc. (hereinafter "Defendant" or "CVS") and

22  states as follows:

                             **JURISDICTION AND VENUE**
23
24      1.      This action arises out of Defendant's numerous violations of the Telephone

    Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (hereinafter the "TCPA").
25
26      2.      This Court has jurisdiction over action pursuant to 47 U.S.C. § 227(b)(3) and

    28 U.S.C. § 1331. *See also Mims v. Arrow Fin. Servs., LLC,* 565 U.S. 368 (2012).
27
28

                                        1

                                                              *Plaintiff Rouse's Complaint*

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant conducts substantial business in this District.

## PARTIES

4.      Plaintiff is a resident of Scottsdale, Arizona. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

5.      Defendant is a foreign corporation organized and existing under the laws of the state of Rhode Island, with its principal office located at One CVS Drive, Woonsocket, Rhode Island, 02895. Defendant is authorized to, and does, conduct business in the state of Arizona. Defendant has appointed CT Corporation System as its agent, located at 3800 N Central Avenue, Suite 460, Phoenix, Arizona 85012. Defendant is a "person," as defined by 47 U.S.C. § 153(39).

## PLAINTIFF'S FACTUAL ALLEGATIONS

6.      At all times herein relevant, Plaintiff utilized a cellular telephone service and was assigned the telephone number ending in "6525".

7.      On or about December 30, 2016, Plaintiff went to a CVS pharmacy located at 9000 E Indian Bend, Road, Scottsdale, Arizona to pick up some prescription medications.

8.      While in the process of paying for said prescription medications, Plaintiff was asked on the point of sale customer display screen whether he consented to Defendant's communicating with him by way of text message.

9.      Only two options were displayed upon the point of sale customer display screen: "Yes" and "Skip."

10.      Plaintiff did not wish to consent to Defendant's communicating with him by way of text message and explicitly communicated such to Defendant's agent facilitating the sale of the prescription medications.

11.      Defendant's agent instructed Plaintiff to choose "Skip" on the point of sale customer display screen; Plaintiff did so.

*Plaintiff Rouse's Complaint*

12.     On or about May 30, 2017, Plaintiff went to a CVS pharmacy located at 4140 County Road 101 N, Plymouth, Minnesota 55446 to pick up a prescription medication.

13.     While in the process of paying for said prescription medication, Plaintiff was asked on the point of sale customer display screen whether he consented to Defendant's communicating with him by way of text message.

14.     Only two options were displayed upon the point of sale customer display screen: "Yes" and "Skip."

15.     Plaintiff did not wish to consent to Defendant's communicating with him by way of text message and explicitly communicated such to Defendant's agent facilitating the sale of the prescription medications.

16.     Defendant's agent instructed Plaintiff to choose "Skip" on the point of sale customer display screen; Plaintiff did so.

17.     Despite being actually aware that Plaintiff did not consent to Defendant's communication with him by way of text message, Defendant sent Plaintiff numerous text messages relating to his prescription medications.

18.     On or about June 18, 2017, Plaintiff contacted Defendant via telephone and reiterated once again that he did not consent to Defendant's communicating with him by way of text message.

19.     From December 30, 2016, to August 29, 2018, Defendant sent Plaintiff 133 separate text messages relating to his prescription medications, each in violation of 47 U.S.C. § 227(b)(1).

20.     Each of the 137 text messages Defendant sent to Plaintiff were sent by means of an automatic telephone dialing system, as such is defined by 47 U.S.C. § 227(a)(1). *See also, Marks v. Crunch San Diego, LLC,* 904 F.3d 1041, 1052 (9th Cir. 2018).

21.     Each of the 137 text messages Defendant sent to Plaintiff stated a variation of the following:

- **"Kevin, your Rx order is ready."**

3

*Plaintiff Rouse's Complaint*

- **"Kevin, your pharmacist filled"** your **"prescriptions for you at CVS pharmacy."**
- **"Would you like to refill"** your prescriptions?
- **"Kevin, your Rx"** is **"pending insurance approval."**
- **"Kevin, your Rx"** is **"too soon to fill."**
- **"Kevin, you have… Rx due for refill."**
- **"Kevin, Rx… is out of refills."**
- **"Kevin, did you know today is the last day to pick up your prescription order from CVS Pharmacy?"**
- **"Kevin, … the Rx your pharmacist filled for you at CVS will be returned."**
- **"Kevin, your Dr. did not authorize a request to refill your Rx"**
- **"You can now refill by text with our new refill reminders."**

22.    Of the 137 text messages Defendant sent to Plaintiff, some were sent on the same day.

23.    Defendant sent Plaintiff three text messages on December 30, 2016; two text messages on February 9, 2017; two text messages on February 17, 2017; two text messages on March 6, 2017; three text messages on June 5, 2017; two text messages on August 2, 2017; three text messages on August 28, 2017; two text messages on November 20, 2017; two text messages on November 21, 2017; two text messages on April 24, 2018; two text messages on April 27, 2018; two text messages on May 1, 2018; and two text messages on July 30, 2018.

24.    Moreover, Defendant consistently sent Plaintiff more than three text messages per week.

25.    From December 30, 2016, to January 6, 2017, Defendant sent Plaintiff five text messages.

26.    From March 1, 2017, to March 6, 2017, Defendant sent Plaintiff four text messages.

27.    From March 29, 2017, to April 6, 2017, Defendant sent Plaintiff six text messages.

28.    From June 1, 2017, to June 5, 2017, Defendant sent Plaintiff five text messages.

4

29.     From June 8, 2017, to June 21, 2017, Defendant sent Plaintiff seven text messages.

30.     From July 19, 2017, to August 2, 2017, Defendant sent Plaintiff nine text messages.

31.     From August 25, 2017, to September 24, 2017, Defendant sent Plaintiff 13 text messages.

32.     From November 20, 2017, to November 21, 2017, Defendant sent Plaintiff four text messages.

33.     From January 23, 2018, to February 1, 2018, Defendant sent Plaintiff eight text messages.

34.     From February 26, 2018, to March 5, 2018, Defendant sent Plaintiff four text messages.

35.     From April 20, 2018, to May 7, 2018, Defendant sent Plaintiff nine text messages.

36.     Of the 137 text messages Defendant sent to Plaintiff, 133 failed to include an easy means to opt out of receiving such future text messages.

37.     Defendant's conduct in violation of the TCPA caused Plaintiff to unnecessarily expend significant time and effort and caused him a significant amount of annoyance and frustration.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227 *et seq.*

38.     Plaintiff incorporates by reference all foregoing paragraphs as if fully stated herein.

39.     The TCPA prohibits Defendant from sending Plaintiff text messages by means of an automatic telephone dialing system, except for emergency purposes or with Plaintiff's express consent. *See,* 47 U.S.C. § 227(b)(1).

*Plaintiff Rouse's Complaint*

40.     Defendant utilized an automatic telephone dialing system to send Plaintiff text messages regarding his prescription medications, non-emergency purposes and without Plaintiff's consent, on 133 separate occasions, in violation of 47 U.S.C. § 227(b)(1).

41.     Defendant's foregoing acts and omissions constitute numerous and multiple knowing and/or willful violations of 47 U.S.C. § 227(b)(1).

42.     Accordingly, Plaintiff is entitled to an award of $1,500.00 in statutory damages per each violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(C).

43.     Alternatively, Defendant's foregoing acts and omissions constitute numerous and multiple negligent violations of 47 U.S.C. § 227(b)(1).

44.     Accordingly, Plaintiff is entitled to an award of $500.00 in statutory damages per each violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

- Statutory damages of $500.00 for each text message determined to be in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3);
- Treble damages for each violation determined to be willful and/or knowing under the TCPA, pursuant to 47 U.S.C. § 227(b)(3); and
- For such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiff is entitled to, and hereby demands, a trial by jury.  US Const. amend. VII; Fed. R. Civ. Pro. 38.

6

*Plaintiff Rouse's Complaint*

1    Dated this 26th day of March 2019.        Respectfully submitted,

2

3

4                                             By: /s/ Paul B. Mengedoth_____
                                                  Paul B. Mengedoth, Esq. (018507)

5                                                 **MENGEDOTH LAW PLLC**
                                                  20909 N. 90th Place, Suite 211

6                                                 Scottsdale, AZ 85255
                                                  Tel: (480) 778-9100

7                                                 E-mail: paul@mengedothlaw.com

8                                                 Thomas J. Lyons, Esq.

9                                                 (Pro hac vice application pending)
                                                  **LYONS LAW FIRM, P.A.**

10                                                367 Commerce Court
                                                  Vadnais Heights, MN 55127

11                                                Telephone:  (651) 770-9707
                                                  Facsimile:(651)770-5830

12                                                tlyons@lyonslawfirm.com

13

14                                                Thomas J. Lyons, Jr., Esq.
                                                  (Pro hac vice application pending)

15                                                **CONSUMER JUSTICE CENTER, P.A.**
                                                  367 Commerce Court

16                                                Vadnais Heights, MN 55127
                                                  Telephone:  (651) 770-9707

17                                                Facsimile:(651)704-0907
                                                  tommy@consumerjusticecenter.com

18

19                                                *Attorneys for Plaintiff*

20

21

22

23

24

25

26

27

28

7

*Plaintiff Rouse's Complaint*